## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RONALD B. GRAY, | : | CIVIL ACTION NO. |
| DeKalb Cnty. ID # X0257359, | : | 1:14-CV-00478-WSD-JSA |
|    Petitioner, | : | |
| | : | |
|    v. | : | |
| | : | |
| JUDGE SEELIGER, et al., | : | PRISONER HABEAS CORPUS |
|    Respondents. | : | 28 U.S.C. § 2241 |

### MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Petitioner, a DeKalb County pretrial detainee, alleges via a 28 U.S.C. § 2241 habeas corpus petition—converted from a 42 U.S.C. § 1983 complaint that he signed and filed on January 2, 2014—a violation of his constitutional right to a speedy trial. (Doc. 1; *see* Doc. 6). Petitioner states in his petition that on January 2 he also filed through appointed counsel a motion in the state trial court to dismiss his criminal case due to the alleged speedy trial violation. (Doc. 1 at 9). Because it appeared that Petitioner had not exhausted his state court remedies with respect to that motion, this Court ordered him on May 2, 2014 to update its status. (Doc. 6). Petitioner has responded in an undated pleading, docketed on May 16, that the trial court denied the motion on April 7 and that his case has been set for trial in June 2014. (Doc. 8 at 1). It appears that Petitioner is appealing the motion's denial. (*Id.*).

Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when the petition "appears legally insufficient on its face"). For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's habeas corpus petition be **DISMISSED without prejudice**.

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). And a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). Although the Supreme Court has rejected a strict interpretation of § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (same, citing

2

*Boerckel*). These principles apply in the § 2241 context because a fundamental prerequisite for federal habeas relief is that the petitioner must first exhaust all other remedies available to him. *See Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (noting that the judicially created exhaustion requirement, although codified at 28 U.S.C. § 2254(b) for collateral attacks on state court convictions, "applies to all habeas corpus actions"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) (noting that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their [other available] remedies").

It is apparent from Petitioner's pleadings that he has not pursued through one complete round of Georgia's appellate review process his state court remedies for the alleged violation of his right to a speedy trial, and therefore his federal habeas petition should be dismissed without prejudice for lack of exhaustion.

Petitioner also is not entitled to a certificate of appealability ("COA"). When challenging detention arising out of process issued by a State court, a federal habeas petitioner must obtain a COA before appealing the denial of his petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that)

3

the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* . . . whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted).  Because jurists of reason would not find it debatable whether Petitioner's federal habeas petition should be dismissed for lack of exhaustion, a certificate of appealability is not warranted here.

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner's 28 U.S.C. § 2241 habeas corpus petition (Doc. 1) be **DISMISSED without prejudice** and that he be **DENIED** a certificate of appealability.

4

The Clerk is **DIRECTED** to send to the Warden of the DeKalb County Jail a copy of the Court's previous order (Doc. 6) relieving Petitioner of the obligation to pay a filing fee in this case (*see* Doc. 7).

The Clerk is also **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 27th day of May, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)